10 CV 1885 (SJ)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOMINICK CARABALLO, MARITZA MULLERO
and M.N., an infant by her mother and natural guardian,
MARITZA MULLERO,

Plaintiffs,

- against -

THE CITY OF NEW YORK, DAMON MARTIN and
THOMAS FUSCO,

Defendants.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David Pollack*
*Tel: (212) 788-1894*
*Matter No. 2010-019035*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... iii

PRELIMINARY STATEMENT ..................................................................... 1

STATEMENT OF THE FACTS .................................................................... 2

SUMMARY JUDGMENT STANDARD ........................................................ 2

MOTION TO DISMISS STANDARD............................................................ 4

ARGUMENT

    POINT I

        DEFENDANTS POSSESSED A VALID SEARCH WARRANT AND THEREFORE PLAINTIFFS' UNLAWFUL SEARCH CLAIM FAILS AS A MATTER OF LAW .......................................................... 5

    POINT II

        DEFENDANTS HAD PROBABLE CAUSE TO ARREST PLAINTIFFS, OR ARE AT LEAST ENTITLED TO QUALIFIED IMMUNITY, AND THEREFORE PLAINTIFFS' FALSE ARREST CLAIMS FAIL AS A MATTER OF LAW ..................................... 7

        A.  Mullero........................................................................... 8

        B.  Caraballo ....................................................................... 9

        C.  Defendants Are Entitled To Qualified Immunity ................... 10

    POINT III

        PLAINTIFF M.N.'S FALSE IMPRISONMENT CLAIM FAILS AS A MATTER OF LAW BECAUSE SHE WAS PROPERLY DETAINED PURSUANT TO A VALID SEARCH WARRANT .......................................................... 11

**Page**

POINT IV

     PLAINTIFFS FAIL TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED FOR
SEVERAL CLAIMS ..................................................................................12

     A.   Malicious Prosecution,...........................................................................12

     B.   Conspiracy ...........................................................................................13

     C.   Battery.................................................................................................13

     D.   Negligent and Intentional Infliction of Emotional
Distress................................................................................................15

     E.   Municipal Liability ..............................................................................15

CONCLUSION.........................................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                  **Pages**

Abreu v. Romero,
   08 Civ. 10129 (LAP), 2010 U.S. Dist. LEXIS 120188 (S.D.N.Y. Nov. 9, 2010) ...................... 8

Anderson v. Liberty Lobby Inc.,
   477 U.S. 242 (1987) ............................................................................................................. 4

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009) ......................................................................................................... 4

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ............................................................................................................. 4

Bernard v. United States,
   25 F.3d 98 (2d Cir. 1994) ..................................................................................................... 5

Calvert v. Katy Taxi, Inc.,
   413 F.2d 841 (2d Cir. 1969) ................................................................................................. 3

Cammick v. City of New York,
   No. 96 Civ. 4374 (RPP), 1998 U.S. Dist. LEXIS 18006 (S.D.N.Y. Nov. 17, 1998) ................. 8

Celotex Corp. v. Catrett,
   477 U.S. at 331 (1986) ...................................................................................................... 2, 3

Chime v Sicuranza,
   221 A.D.2d 401 (N.Y. App. Div. 1995) .............................................................................. 15

City of Canton v. Harris,
   489 U.S. 378 (1989) ........................................................................................................... 16

City of Los Angeles v. Heller,
   475 U.S. 796 (1986) ........................................................................................................... 15

Crawford-el v. Britton,
   523 U.S. 574 (1998) ............................................................................................................. 4

Cunningham v. Rodriguez,
   01 Civ. 1123 (DC), 2002 U.S. Dist. LEXIS 22660 (S.D.N.Y. Nov. 22, 2002) ...................... 14

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,
   282 F.3d 83 (2d Cir. 2002) ................................................................................................... 4

Eastman Kodak Co. v. Image Tech. Servs., Inc.,
   504 U.S. 451 (1992) ............................................................................................................. 2

**Cases**                                                                            **Pages**

Franks v. Delaware,
   438 U.S. 154 (1978)..................................................................... 5, 6

Gallo v. Prudential Residential Servs., Ltd. Partnership,
   22 F.3d 1219 (2d Cir. 1994) ............................................................. 3

Golino v. New Haven,
   950 F.2d 864 (2d Cir. 1991) ............................................................. 6

Harlow v. Fitzgerald,
   457 U.S. 800 (1982)...................................................................... 10

Howell v. New York Post Co.,
   81 N.Y.2d 115 (1993)..................................................................... 15

Jeff v. Barnes,
   208 F.3d 49 (2d Cir. 2000) .............................................................. 16

Jenkins v. City of New York,
   478 F.3d 324 (2d Cir. 2003) .............................................................. 7

Johnson v. Glick,
   481 F.2d 1028 (2d Cir. 1973) ........................................................... 14

L.B. Foster Co. v. America Piles Inc.,
   138 F.3d 81 (2d Cir. 1998) ............................................................... 3

Malley v. Briggs,
   475 U. S. 335 (1986)..................................................................... 11

Matsushita Electric Industrial Co. v. Zenith Radio Corp.,
   475 U.S. at 587 (1986) .................................................................... 3

Maxwell v. City of N.Y.,
   272 F. Supp. 2d 285 (S.D.N.Y. 2003) .............................................. 8, 14

Messerschmidt v. Millender,
   No. 10-704 (February 22, 2012) ........................................................ 11

Michigan v. Summers,
   452 U.S. 692 (1981)...................................................................... 12

Monell v. Dep't of Soc. Servs.,
   436 U.S. 658 (1978)...................................................................... 16

**Cases**                                                                                              **Pages**

Muehler v. Mena,
   544 U.S. 93 (2005)............................................................................................................ 12

Murphy v. American Home Products Corp.,
   58 N.Y.2d 293 (1983)...................................................................................................... 15

Murphy v. Lynn,
   118 F.3d 938 (2d Cir. 1997) .......................................................................................... 12

Oklahoma City v. Tuttle,
   471 U.S. 808 (1985)........................................................................................................ 16

Pangburn v. Culbertson,
   200 F.3d 65 (2d Cir. 1999) ............................................................................................ 13

Pearson v. Callahan,
   555 U. S. 223 (2009)....................................................................................................... 10

Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,
   507 F.3d 117 (2d Cir. 2007) ............................................................................................ 4

Posr v. Doherty,
   944 F.2d 91 (2d Cir. 1991) ............................................................................................ 13

Rivera v. United States,
   728 F. Supp. 250 (S.D.N.Y. 1990),
   aff'd in relevant part, 928 F.2d 592 (2d Cir. 1991) ....................................................... 6

Romano v. Howarth,
   998 F.2d 101 (2d Cir. 1993) .......................................................................................... 14

Rothstein v. Carriere,
   373 F.3d 275 (2d Cir. 2004) .......................................................................................... 12

Ruggiero v. Contemporary Shells,
   554 N.Y.S.2d 708 (N.Y. 1990) ..................................................................................... 15

Russell v. Smith,
   68 F.3d 33 (2d Cir. 1995) ......................................................................................... 12-13

Scott v. Almenas,
   143 F.3d 105 (2d Cir. 1998) ............................................................................................ 3

Segal v. City of New York,
   459 F.3d 207 (2d Cir. 2006) .......................................................................................... 15

**Cases**                                                                                                    **Pages**

Sforza v. City of New York,
 No. 07-CV-6122 (DLC), 2009 U.S. Dist. LEXIS 27358 (S.D.N.Y.  Mar. 31, 2009) ............... 7

Smith-Hunter v. Harvey,
 95 N.Y.2d 191 (2000) ...................................................................................... 12

Stuto v. Fleishman,
 164 F.3d 820 (2d Cir. 1999) ............................................................................. 15

Torres v. Hanslmaier,
 94 Civ. 4082 (MGC), 1995 U.S. Dist. LEXIS 6193 (S.D.N.Y. May 8, 1995).................... 8, 10

United States v. Canfield,
 212 F. 3d 713 (2d Cir. 2000) ............................................................................ 6

United States v. Heath,
 455 F.3d 53 (2d Cir. 2006) ............................................................................... 10

United States v. Kunen,
 323 F. Supp. 2d 390 (E.D.N.Y. 2004) .................................................................. 6

United States v. Leon,
 468 U.S. 897 (1984)..................................................................................... 5, 11

United States v. Morales,
 851 F. Supp. 112 (S.D.N.Y. 1994) ...................................................................... 8

United States v. Perez,
 247 F. Supp. 2d 459 (S.D.N.Y. 2003) .................................................................. 5

United States v. Strauser,
 247 F. Supp. 2d 1135 (E.D. MO. 2003)................................................................. 6

United States v. Traylor,
 No. 09-cr-4082, 2010 U.S. App. LEXIS 21242 (2d Cir. Oct. 13, 2010)................................... 8

United States v. Trzaska,
 111 F.3d 1019 (2d Cir. 1997) ............................................................................ 5

United States v. Vilar,
 05 CR 621 (KMK), 2007 U.S. Dist. LEXIS 26993 (S.D.N.Y. April 4, 2007) .......................... 6

Vippolis v. Village of Haverstraw,
 768 F.2d 40 (2d Cir. 1985),
 cert. denied, 480 U.S. 916 (1987) ....................................................................... 16

| **Cases** | **Pages** |
|---|---|

<u>Walker v. New York,</u>
   974 F.2d 293 (2d Cir. 1992) .................................................................. 16

<u>Westinghouse Elec. Corp. v. New York City Transit Auth.,</u>
   735 F. Supp. 1205 (S.D.N.Y. April 13, 1990) ...................................... 3

## Statutes

42 U.S.C. §1983 ............................................................................ 1, 13, 15, 16

Fed. R. Civ. P. 12(b)(6)............................................................................ 4, 12

Fed. R. Civ. P. 56 ..................................................................................... 2

Fed. R. Civ. P. 56(e) ............................................................................... 2, 3

Local Civil Rule 56.1 ................................................................................ 2

N.Y.C. Admin. Code § 10-131(i)(3) ........................................................ 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DOMINICK CARABALLO, MARITZA MULLERO  and
M.N., an infant by her mother and natural guardian,
MARITZA MULLERO,

**DEFENDANT'S
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
MOTION TO DISMISS AND
FOR SUMMARY
JUDGMENT**

Plaintiffs,

- against -

THE CITY OF NEW YORK, DAMON MARTIN and
THOMAS FUSCO,

10 CV 1885 (SJ)(RML)

Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

Plaintiffs Dominick Caraballo, Maritza Mullero, and infant M.N., bring this action pursuant to 42 U.S.C. Section 1983 alleging that on August 13, 2009, Defendants The City of New York (the "City"), Sergeant Damon Martin and Police Officer Thomas Fusco violated their constitutional rights.  In particular, plaintiffs claim: (1) state and federal false arrest and imprisonment; (2) unlawful search; (3) denial of their right to due process; (4) malicious prosecution; (5) conspiracy to violate and aiding and abetting in violation of plaintiffs' rights; (6) failure to supervise; (7) excessive force; (8) battery; (9) negligent infliction of emotional distress; and (10) municipal liability.

Defendants the City, Sergeant Martin and Officer Fusco now move for dismissal of all of plaintiffs claims on the grounds that: (1) defendants had a search warrant to enter the premises, negating plaintiffs unlawful search claims; (2) defendants had probable cause to arrest Dominick Caraballo and Maritza Mullero, or at the very least are entitled to qualified immunity,

and therefore their false arrest and false imprisonment claims fail; (3) M.N.'s false imprisonment claim fails as a matter of law as she was detained pursuant to a valid search warrant; (4) plaintiffs were never prosecuted and therefore their malicious prosecution claims and due process claims fail as a matter of law; (5) plaintiffs fail to state a claim for conspiracy; (6) plaintiffs fail to state a claim for failure to supervise; (7) plaintiffs fail to state a claim for battery; (8) plaintiffs fail to state a claim for emotional distress; and (9) without an underlying constitutional violation plaintiffs' Monell claim fails as a matter of law.

## STATEMENT OF THE FACTS

The Court is respectfully referred to Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts, dated February 28, 2012 (hereinafter "Defs. 56.1"), and the Affidavit of David M. Pollack (hereinafter "Pollack Declaration") and the Exhibits annexed thereto, which are being submitted concurrently herewith for a complete statement of the relevant facts.

## SUMMARY JUDGMENT STANDARD

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can properly be resolved as a matter of law.  Under Rule 56(c), summary judgment is warranted when, in viewing the evidence in the light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56.  See also, Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 457 (1992).

A motion for summary judgment requires the party with the burden of proof at trial to come forward with proper evidence to "make a showing sufficient to establish the existence of [each] element essential to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986).  "Where the record taken as

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The Second Circuit has held:

> [T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case.  When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 – 24 (2d Cir. 1994) (citations omitted).  Accordingly, "courts should not be reluctant to grant summary judgment in appropriate cases." Westinghouse Elec. Corp. v. New York City Transit Auth., 735 F. Supp. 1205, 1212 (S.D.N.Y. April 13, 1990).

When deciding a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." L.B. Foster Co. v. America Piles Inc., 138 F.3d 81, 87 (2d Cir. 1998) (citing Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. at 587 (1986); Celotex Corp. v. Catrett, 477 U.S. at 331 (1986).  Nonetheless, opposition to summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  In so doing, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation." Scott v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).  The party bearing the burden of proof has no right to take the case to trial if a favorable verdict could only be the product of surmise, speculation, and conjecture. Calvert v. Katy Taxi, Inc., 413 F.2d 841, 844 (2d Cir. 1969).  To sustain his burden, plaintiff must instead produce evidence that would permit the finder of fact to properly proceed to a verdict in his favor. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-50 (1987).  Thus, summary judgment "serves as the ultimate

screen to weed out truly unsubstantial lawsuits prior to trial." <u>Crawford-el v. Britton</u>, 523 U.S. 574, 600 (1998).

In the instant matter, summary judgment should be granted in favor of the Defendants as a matter of law because, in light of the undisputed facts, plaintiffs cannot show that there are any genuine issues for trial, nor can they proffer even a modicum of evidence that would allow a fact finder to properly proceed to a verdict in their favor.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," <u>Kassner</u>, 496 F.3d at 237 (citing <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." <u>Id.</u> (citing <u>Fernandez</u>, 471 F.3d at 51). A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Port Dock & Stone Corp. v. Oldcastle Ne., Inc.</u>, 507 F.3d 117, 121 (2d Cir. 2007) (citing <u>Twombly</u>, 550 U.S. at 555 ("When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff['s] . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff[s] possession or of which plaintiff[s] had knowledge and relied on in bringing suit.")).

## ARGUMENT

### POINT I

### DEFENDANTS POSSESSED A VALID SEARCH WARRANT AND THEREFORE PLAINTIFFS' UNLAWFUL SEARCH CLAIM FAILS AS A MATTER OF LAW

Plaintiffs claim defendants performed an unlawful search of their apartment. Pollack Declaration, Exhibit A, Compl. ¶¶ 21-25, 29-30, 40. Where, as here, a search warrant has been issued by a neutral magistrate, there is a presumption that the warrant is valid and that officers acted in "objective good faith." Franks v. Delaware, 438 U.S. 154, 171 (1978); United States v. Perez, 247 F. Supp. 2d 459, 476 (S.D.N.Y. 2003); see also United States v. Leon, 468 U.S. 897, 914 (1984) ("[T]he preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination.") (internal citations omitted). "The Fourth Amendment does not require that 'every statement in a warrant affidavit . . . be true.'" Perez, 247 F. Supp. 2d at 472 (quoting United States v. Trzaska, 111 F.3d 1019, 1027 (2d Cir. 1997)). In fact, it is well-settled that probable cause can be based on false, or mistaken, information. See, e.g., Bernard v. United States, 25 F.3d 98, 102-03 (2d Cir. 1994). This is because "law enforcement officers often must rely on hearsay information, tips from informants, and information sometimes 'garnered hastily.'" Perez, 247 F. Supp. at 472 (quoting Franks, 438 U.S. at 164) (other citation omitted). Instead, the Supreme Court has held that the warrant affidavit must be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." Franks, 438 U.S. at 165 (internal citation omitted).

Therefore, in order to establish that a search warrant violated the Fourth Amendment, plaintiffs must plead facts sufficient to show that the officers who executed the search warrant affidavit, "knowingly and intentionally, or with a reckless disregard for the truth,

made a false statement in his affidavit and that the allegedly false statement was 'necessary to the finding of probable cause.'" Golino v. New Haven, 950 F.2d 864, 870-71 (2d Cir. 1991) (quoting Franks, 438 U.S. at 155-56); see also United States v. Canfield, 212 F. 3d 713, 717-18 (2d Cir. 2000). Reckless disregard for the truth is analyzed under a subjective test in which one "recklessly disregards" the truth when making allegations while entertaining serious doubts about the accuracy of those allegations. United States v. Vilar, 05 CR 621 (KMK), 2007 U.S. Dist. LEXIS 26993, *82-83 (S.D.N.Y. April 4, 2007) (surveying cases). See also United States v. Kunen, 323 F. Supp. 2d 390, 395 (E.D.N.Y. 2004) (applies "serious doubt" standard to define "reckless disregard for truth"); Rivera v. United States, 728 F. Supp. 250, 258 (S.D.N.Y. 1990) (applies serious doubt standard in civil case) aff'd in relevant part, 928 F.2d 592, 604-605 (2d Cir. 1991). This "serious doubt" standard is "'a tougher test than the objective 'knew or should have known' standard used in Tort and [some] other cases.'" Kunen, 323 F. Supp. 2d at 395 (quoting United States v. Strauser, 247 F. Supp. 2d 1135, 1138 (E.D. MO. 2003)). In fact, if all plaintiffs have alleged is that the false information was included as a result of "negligence or innocent mistake," then any claim challenging the validity of the warrant must be dismissed. See Franks, 438 U.S. at 171; Rivera, 728 F. Supp. at 257-58.

Here, Plaintiffs provide no evidence whatsoever to indicate that Defendants knowingly, intentionally or recklessly made false statements in acquiring the search warrant. Rather, the undisputed facts show defendants were in possession of a valid search warrant that—despite plaintiffs' bare assertions to the contrary—was based upon factual information supporting probable cause that criminal activity was taking place in plaintiffs' apartment. Def's 56.1 ¶¶ 4-9. That information included: 1) that Miguel Navarro was the tenant of record for the subject location; 2) that Miguel Navarro was on parole for criminal sale of a controlled

substance; 3) that the occupants of the subject apartment were growing and cultivating marijuana plants/trees on the fire escape/terrace to the subject apartment;  Therefore, plaintiffs' unlawful search claim must fail as a matter of law.

### POINT II

**DEFENDANTS HAD PROBABLE CAUSE TO ARREST PLAINTIFFS, OR ARE AT LEAST ENTITLED TO QUALIFIED IMMUNITY, AND THEREFORE PLAINTIFFS' FALSE ARREST CLAIMS FAIL AS A MATTER OF LAW**

Plaintiffs Caraballo and Mullero assert state and federal claims of false arrest and imprisonment. Pollack Declaration, Exh. A, Compl. ¶ 29-30, 39-40, 43, 51.  However, plaintiffs' false arrest claims must fail as a matter of law based on the undisputed facts of the case because defendants, upon legally entering the apartment pursuant to a valid search warrant, discovered contraband in the form of cocaine and heroin and numerous rounds of bullets that plaintiffs possessed constructively, providing them with probable cause to arrest plaintiffs.

Generally, "[a] claim for false arrest or false imprisonment fails when the arresting officer had probable cause to make the arrest." Sforza v. City of New York, No. 07-CV-6122 (DLC), 2009 U.S. Dist. LEXIS 27358, at *40 (S.D.N.Y.  Mar. 31, 2009) (citing Jenkins v. City of New York, 478 F.3d 324, 335 (2d Cir. 2003).  Probable cause is an objective determination based on the totality of the circumstances and exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Maxwell v. City of New York, 272 F. Supp. 2d 285, 293 (S.D.N.Y. 2003).  Under New York law, a person "constructively possesses tangible property when he exercises 'dominion and control' over the property with a sufficient level of control over the area in which the contraband

is found." Torres v. Hanslmaier, 94 Civ. 4082 (MGC), 1995 U.S. Dist. LEXIS 6193, at *6-7 (S.D.N.Y. May 8, 1995) (holding that where a jury could find that defendant resided at an apartment, there was "circumstantial evidence that he had constructive possession over the contraband contained within it"). See also Cammick v. City of New York, No. 96 Civ. 4374 (RPP), 1998 U.S. Dist. LEXIS 18006, at *7 (S.D.N.Y. Nov. 17, 1998) (plaintiffs deemed to have been in constructive possession of firearm because they jointly exercised dominion and control over the apartment); United States v. Morales, 851 F. Supp. 112, 116 (S.D.N.Y. 1994) ("one is in constructive possession of those items in one's apartment"). Where there is evidence that an individual is in constructive possession of contraband, police officers have reasonably trustworthy information sufficient to believe the crime of possession is being committed and therefore have probable cause to arrest. Abreu v. Romero, 08 Civ. 10129 (LAP), 2010 U.S. Dist. LEXIS 120188, at *19 (S.D.N.Y. Nov. 9, 2010) citing United States v. Traylor, No. 09-cr-4082, 2010 U.S. App. LEXIS 21242, at *2-3 (2d Cir. Oct. 13, 2010).

Here, there is no question that heroin mixed with cocaine and ammunition were discovered in the apartment, in addition to a quantity of pills which were believed to be contraband. Defs. 56.1 ¶¶ 20-22, 24-25. There is, however, controversy regarding the location of said contraband. The central issue on defendants' motion is thus whether it was objectively reasonable under the circumstances for defendants to believe that plaintiffs were in constructive possession of the discovered contraband.[1]

## A.    Mullero

At the time of the search warrant execution, defendant officers were not the first to enter the apartment. The entry was performed by members of the Emergency Services Unit

---

[1] It is irrelevant that Mr. Navarro, husband of Mullero, claimed that he possessed all of the contraband found in the apartment.

(ESU) and defendants did not enter until ESU officers secured the scene. Pollack Declaration, Exh. D (Fusco Dep. 78:4-79:10).   At some time during the entry into the subject apartment plaintiff Mullero went on her own accord into M.N.'s bedroom.  Mullero, claims that when she heard the police making entry into the apartment she awoke and made it into M.N.'s room before the officers entered.  It was a safe presumption for the Officers to believe that Mullero  spends her nights in the master bedroom with her husband Miguel Navarro as her clothing was located in the master bedroom.  Further, Mullero concedes she lived with Navarro in the master bedroom on the date of the search warrant execution and admitted to knowing that Navarro used heroin in the bedroom,  confirming the Officers  suspicions. Pollack Declaration, Exh. E; Defs. 56.1 ¶ 23.

It was therefore objectively reasonable for defendant officers to believe that Mullero knew of the contraband in the master bedroom and was in constructive possession of the heroin that was discovered during the search.  That the heroin was or was not located in plain sight is of no consequence; defendants had a search warrant that permitted them to search for "marihuana; paraphernalia commonly used to process and package marihuana" in the entire apartment, including all areas that could have contained such contraband.  Exhibit F, Search Warrant.  Further, ammunition and pills were discovered in the apartment, Defs. 56.1 ¶ 24-25, and Mullero therefore was in constructive possession of the illegal ammunition as well because it is reasonable to assume that, as an occupant of the apartment, she would have known that contraband was there.

**B.    Caraballo**

Regarding Caraballo, having admitted to sleeping in the living room and having been found sleeping on the couch located there when the warrant was executed, Defs. 56.1 ¶ 10, he was in constructive possession of anything in the common areas of the apartment, including the kitchen, if not the entire apartment. See, e.g., Torres, 1995 U.S. Dist. LEXIS 6193, at *6-7.

Therefore, because defendant officers had reason to believe that pills found on the counter in the kitchen (and not within any prescription bottle) were ecstasy—a controlled substance—there was probable cause, or at least arguable probable cause, to arrest him for possession of that contraband.  Additionally, the marijuana trees, which the defendant officers photographed prior to obtaining the search warrant, were previously located on the fire escape of plaintiffs' apartment in full view of the living room and kitchen through the kitchen window, Defs. 56.1 ¶ 7, and were presumably cultivated due to their large size.  Indeed, both Caraballo and Navarro admitted to Martin at the scene that they had planted the seeds. Defs. 56.1 ¶ 27.  It follows that, in addition to the pills, every occupant of the apartment should be deemed to have been in constructive possession of the marijuana plants.  See United States v. Heath, 455 F.3d 53, 57 (2d Cir. 2006) ("[T]hose who are permitted to observe obvious criminal activity in the home are, absent indications to the contrary, likely to be complicit in the offense.").

## C.    Defendants Are Entitled To Qualified Immunity

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 555 U. S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Unless "it is obvious that no reasonably competent officer would have concluded that a warrant should issue," Malley v. Briggs, 475 U. S. 335, 341 (1986), the "shield of immunity" otherwise conferred by the warrant will not be lost. See Messerschmidt v. Millender, No. 10-704 (February 22, 2012).  An example where qualified immunity would not be granted if "where the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"  Leon, 468 U. S., at 923.  However, this is a high threshold and "in the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination"

because "[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." Id. at 921.   Here, it was not "entirely unreasonable" for the defendant officers to believe that there was probable cause to search for marijuana and related paraphernalia in the apartment.   That the defendant officers found drugs and evidence of a different nature should be of no consequence.[2]   Further, it is not unreasonable for Defendants, having already found heroin, bullets and marijuana plants, to assume that the pills of an unknown nature were also contraband and to arrest all three adult occupants of the apartment for constructive possession thereof.

### POINT III

**PLAINTIFF M.N.'S FALSE IMPRISONMENT CLAIM FAILS AS A MATTER OF LAW BECAUSE SHE WAS PROPERLY DETAINED PURSUANT TO A VALID SEARCH WARRANT**

Plaintiff M.N. only asserts a claim of false imprisonment. Pollack Declaration, Exh. A; Compl. ¶ 30, 39.   However, this claim must fail as a matter of law because she was simply and temporarily detained—and not handcuffed—pursuant to a valid search warrant. See Defs. 56.1 ¶ 19.   In Muehler v. Mena, 544 U.S. 93 (2005), the Supreme Court held that a person who occupies a premise at the time a search warrant is executed can be detained and handcuffed for the duration of the search. See also Michigan v. Summers, 452 U.S. 692 (1981).   Here, it is undisputed that M.N. was not handcuffed and was placed in the custody of Mullero's sister-in-law. Pollack Declaration, Exh E; Defs. 56.1 ¶¶ 29-31.

---

[2] Seventeen .38 caliber bullets were also  recovered from the subject apartment which is unlawful pursuant to the New York City Administrative Code Section 10-131(i)(3).

## POINT IV

## PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR SEVERAL CLAIMS

Taking plaintiffs' factual allegations to be true and drawing all reasonable inferences in the plaintiffs' favor, they have failed to meet their burden to survive a motion to dismiss before this court on their malicious prosecution, due process, conspiracy, failure to supervise, battery, negligent and intentional infliction of emotional distress and municipal liability claims, and those allegations should be therefore be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

A.      **Malicious Prosecution**

Plaintiffs Mullero and Caraballo claim that they were maliciously prosecuted as a result of their arrest. Pollack Decl., Exh. A, Compl. ¶ 30.  The law places "a heavy burden on malicious prosecution plaintiffs." Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004) (citing Smith-Hunter v. Harvey, 95 N.Y.2d 191, 195 (2000)).  Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) (quoting Russell v. Smith, 68 F.3d 33, 35 (2d Cir. 1995)).  Here, the analysis need not progress further than the first prong as the King's County District Attorney's Office declined to prosecute the plaintiffs for the alleged offenses.  Pollack Declaration Exh. O; Defs. 56.1 ¶ 32.  In other words, a criminal

proceeding was never initiated against plaintiffs.   Therefore, plaintiffs' malicious prosecution claims fail as a matter of law.[3]

**B.     Conspiracy**

>       In order to prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, causing damages.  See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).  Here, plaintiffs do not plead any such agreement in their complaint, nor do they allege any overt act done in furtherance of such an agreement.  Therefore, plaintiffs conspiracy claims must be dismissed as a matter of law.

**C.     Battery**

>       Plaintiff Caraballo claims that he was thrown violently to the floor and a gun placed to his head.[4]  Pollack Decl., Exh. B; Compl. ¶ 14.  "[E]xcept for § 1983's requirement that the tort be committed under color of state law, the essential elements of [excessive force and state law assault and battery claims are] substantially identical."  Posr v. Doherty, 944 F.2d 91, 94-95 (2d Cir. 1991).  It is clear that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  Graham, 490 U.S. at 397 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).  The Second Circuit has held that "a de minimis use of force will rarely suffice to state a Constitutional claim."  Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993); see also Maxwell v. City of N.Y., 272 F.

---

[3] Likewise, Plaintiffs' due process claim also fails as plaintiffs could not be denied due process when they were never prosecuted for the arrest charges.

[4] Plaintiffs Mullero and M.N. plead no facts indicating a battery or force claim.  Pollack Decl., Exhs. A, E.

Supp. 2d 285, 298 (S.D.N.Y. 2003) ("minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an arresting officer can not be held unremittingly liable for every such incident").  Thus, a plaintiff must demonstrate that the amount of force used was more than de minimis.  See Romano, 998 F.2d at 105; see, e.g., Cunningham v. Rodriguez, 01 Civ. 1123 (DC), 2002 U.S. Dist. LEXIS 22660, at *12-13 (S.D.N.Y. Nov. 22, 2002) (blows to back and face were de minimis).

   Here, Caraballo claims that when members of the ESU team entered his apartment, they pointed a gun at him, grabbed him and placed him on the floor on his chest. Pollack Decl., Exh. B, pp. 31:4-11, 33:18-23; Defs. 56.1 ¶¶ 12.  Caraballo was handcuffed and then placed back on the couch. Id. at pp. 36:12-37:5; Defs. 56.1 ¶¶ 13, 15.  At some point he complained of tight handcuffs but never sought treatment. Id. at p. 42:13-15; Defs. 56.1 ¶ 17. Several days after his arrest Caraballo went to the Jamaica Hospital Emergency Room and had x-rays and an EKG taken which revealed no fractures or other injuries aside from a muscle spasm from anxiety attacks. Pollack Decl., Exh. B; Defs. 56.1 ¶¶ 33-34.  Caraballo sought not treatment but rather self-treated his wrists with ice packs as there was no swelling when he got to the hospital. Pollack Decl., Exh. B; Defs. 56.1 ¶ 17.  This plainly does not amount to battery nor excessive force but rather de minimis injury incurred through normal police conduct.  Further, the members of the ESU team responsible for securing Mr. Caraballo are not parties to this lawsuit.  Therefore, plaintiff's battery and excessive force claims must be dismissed.

**D.    Negligent and Intentional Infliction of Emotional Distress**

"Under New York law, a claim for intentional infliction of emotional distress requires a showing of (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (citing Howell v. New York Post Co., 81 N.Y.2d 115, 121 (1993)).  In Ruggiero v. Contemporary Shells, to establish liability for the intentional infliction of emotional distress the plaintiffs were required to demonstrate that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." 554 N.Y.S.2d 708, 709 (N.Y. 1990) (quoting Murphy v. American Home Products Corp., 58 N.Y.2d 293, 303 (1983).  That same test has been applied to causes of action for the negligent infliction of emotional distress. See Chime v Sicuranza, 221 A.D.2d 401, 403 (N.Y. App. Div. 1995).  Here, accepting the allegations in the complaint as true, they simply do not allege conduct so outrageous in character, and so extreme in degree, as to state a cause of action for negligent or intentional infliction of emotional distress.  Rather, the conduct alleged reads more like standard police conduct upon executing a valid search warrant and discovering illegal drugs and ammunition.

**E.    Municipal Liability**

All claims against the City of New York must be similarly dismissed as the complaint does not state a cause of action for municipal liability under § 1983.  As a threshold matter, if plaintiff is unable to make out an underlying violation of his rights, there is no independent cause of action for municipal liability against the City.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006).

Accordingly, should the Court grant defendant's motion as to all points supra, any § 1983 claim against the City must also fail.

However, even assuming that plaintiffs were able to demonstrate an underlying violation of their rights, they nevertheless fail to state a claim against the City for a violation of 42 U.S.C. § 1983. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689-91 (1978). There is no respondeat superior liability under 42 U.S.C. § 1983. Id., at 694. To extend liability to the City for the alleged violation, plaintiff must establish that the City itself was somehow at fault, beyond merely employing an individual who plaintiff claims violated his rights.[5] Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Jeff v. Barnes, 208 F.3d 49, 61 (2d Cir. 2000). In order to do so, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused [his] injuries ... Second, the plaintiff must establish a causal connection – an 'affirmative link' – between the policy and the deprivation of [his] constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing Tuttle, 471 U.S. at 824 n.8). Therefore, in order to establish municipal liability, plaintiff must demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694. Here, not only do plaintiffs fail to meet this burden in their pleadings,

---

[5] Additionally, plaintiffs fail to sufficiently plead their failure to supervise claim. According to Walker v. New York, 974 F.2d 293, 297 (2d Cir. 1992), in order to assert a claim for failure to supervise, a plaintiff must: (1) "show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation," (quoting City of Canton v. Harris, 489 U.S. 378 (1989)); (2) "show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation;" and (3) "show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." Here, as with many of their claims, plaintiffs have simply not plead facts sufficient to meet any of these requirements.

relying instead on bare assertions, but their claims more importantly fail as a matter of law because they cannot prove any underlying constitutional violation.

## CONCLUSION

For the foregoing reasons, defendants The City of New York, Sergeant Damon Martin and Police Officer Thomas Fusco respectfully request that the Court grant its motion for dismissal and summary judgment together with such costs, fees and other and further relief as the Court deems just and proper.


DATED:      New York, New York
            February 29, 2012


                          Respectfully submitted,
                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          *Attorney for Defendant*
                          THE CITY OF NEW YORK
                          100 Church Street
                          New York, New York 10010
                          (212) 788-1894
                          (212) 788-9776 (facsimile)
                          dpollack@law.nyc.gov


                    By: _____
                          David M. Pollack


To:    Michael Lumer, Esq.
       By ECF
       *Attorney for Plaintiff*


- 17 -