

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DOMINICK CARABALLO,
MARITZA MULLERO and M. N., an infant
by her mother and natural guardian,
MARITZA MULLERO,

                Plaintiffs,
                                            MEMORANDUM
                                            AND ORDER

                                            10-CV-1885 (SJ) (RML)

        -against-


THE CITY OF NEW YORK, JOHN
and JANE DOES 1-10, DAMON MARTIN
and THOMAS FUSCO

                Defendants.
----------------------------------X

A P P E A R A N C E S

REIBMAN & WEINER
26 Court Street
Suite 1005
Brooklyn, NY 11201
By:     Michael B. Lumer
Attorney for Plaintiffs

NEW YORK CITY LAW DEPARTMENT
100 Church Street, 3rd Floor
New York, NY 10007
By:     David Michael Pollack
        Andrew Galway Owen
Attorneys for Defendants


JOHNSON, Senior District Judge:
```

1

Plaintiffs Dominick Caraballo, Maritza Mullero (collectively, "Plaintiffs Mullero and Caraballo" or "Plaintiffs") and M.N., brought this action pursuant to 42 U.S.C. § 1983, alleging false arrest and false imprisonment by Defendants Damon Martin and Thomas Fusco (collectively, "Defendants") during a search of Plaintiffs' apartment. Defendants have moved this Court for summary judgment pursuant to Fed. R. Civ. P. § 56(c), based upon their contention that: there exists no genuine issue of material fact; and that they are therefore entitled to a judgment as a matter of law. Based on the parties' submissions and the oral argument held before this Court on May 11, 2012, Defendants' motion is GRANTED.

## I. BACKGROUND

Plaintiffs initiated this action on or about April 27, 2010, after their apartment was searched by New York City Police Officers on August 13, 2009. Defendants obtained a search warrant upon information that Plaintiffs were growing marijuana plants on the terrace of their apartment. During the execution of the warrant, Plaintiffs were inside, and Defendants found ammunition and heroin mixed with cocaine inside of the apartment. Plaintiffs Mullero and Caraballo were arrested during the search and detained for several hours before being released. The Kings County District Attorney's Office declined to prosecute them. Plaintiff M.N. was not arrested and was, instead, placed in the care of her aunt while Plaintiffs Mullero and Caraballo were detained.

P-049

Plaintiffs originally alleged claims of false arrest, false imprisonment, unlawful search, malicious prosecution, § 1983 conspiracy, battery, negligent and intentional infliction of emotional distress, and §1983 municipal liability. Plaintiffs later withdrew all of the claims except for the false arrest and false imprisonment claim as to Plaintiffs Mullero and Caraballo. (Transcript of May 11, 2012 Proceedings at 10-11 ("Tr.").)

## II. DISCUSSION

*A. Summary Judgment Standard*

A party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of the non-moving party. Id. In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and

P-049

the motion must be denied. See Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985).

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. Id. at 248; see also Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

Defendants have moved for summary judgment based on their contention that the Plaintiffs cannot show the existence of any genuine issues of material fact, neither could a jury properly rule in Plaintiffs' favor. Plaintiffs assert that an issue of material fact does indeed exist as to whether the Plaintiffs were rightly detained pursuant to the search of their apartment. The Court finds that whether the Plaintiffs were in constructive possession of contraband is a matter of law, not fact. The Court further

P-049

finds that there is no genuine issue of material fact in this case, as set forth more fully below. Accordingly, Defendants' motion for summary judgment must be granted.

### B. *The Defendants had Probable Cause to Arrest Plaintiffs*

To establish a claim of false arrest or false imprisonment, Plaintiffs must demonstrate that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

At issue in the instant matter is whether or not the confinement was privileged. An arrest is privileged if probable caused existed for it. Probable cause is a complete defense to a claim of false arrest. See Zanghi v. Old Brookville, 752 F.2d 42 (2d Cir. N.Y. 1985). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotations and citations omitted). Where there is evidence to believe that a person is in constructive possession of contraband, the arresting officer has probable cause to arrest.

Here, probable cause to arrest was plainly established. Defendants Martin and Fusco entered Plaintiffs' apartment legally, pursuant to a valid search warrant. Upon

entering the apartment, Defendants discovered contraband inside of the apartment—thereby giving them probable cause to arrest the residents therein. Probable cause is not defeated because a person residing in the apartment at the time of the search did not live there regularly, because Defendants Martin and Fusco had reason, as persons of reasonable caution, to believe that persons sleeping in the apartment were residents of the apartment and therefore, in constructive possession of the contraband found therein. See United States v. Heath, 455 F.3d 53, 57 (2d Cir. 2006) (holding that police could reasonably conclude that an apartment's adult occupants were responsible for the presence of contraband contained therein, and could arrest them on that basis); see also Torres v. Hanslmaier, 94 Civ. 4082 (MGC), 1995 U.S. Dist. LEXIS 6193, at *6-7 (S.D.N.Y. May 2, 1995) (holding that based on the defendant's presence in an apartment on several occasions, a jury could reasonably determine that the defendant occupied the apartment and was in constructive possession of contraband contained therein); United States v. Morales, 851 F. Supp. 112, 116 (S.D.N.Y. 1994) (A person is in constructive possession of items present in his or her apartment.).

Furthermore, the Supreme Court has held that a person who occupies a premise at the time it is being searched pursuant to a valid search warrant can be detained and handcuffed for the duration of the search. Muehler v. Mena, 544 U.S. 93, 98 (2005). Accordingly, Plaintiffs' allegations of false arrest and false imprisonment fail as a matter of law.

P-049

### III. CONCLUSION

Based upon the parties' submissions and oral arguments, this Court finds that there exists no dispute as to any material facts in this case and that no jury could reasonably rule in favor of the Plaintiffs. Defendants had probable cause to search Plaintiffs' apartment, and their arrest of Plaintiffs during the search of the apartment falls squarely within the scope of the Defendants' privilege as police officers. The Court hereby GRANTS Defendants' motion for summary judgment. The Clerk of the Court is directed to close the case.

SO ORDERED.

/s/(SJ)

Dated: Brooklyn, New York
June 21, 2012

Sterling Johnson, Jr., U.S.D.J.